UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff | § § | |
| vs. | § § | Case No. 5:21-CR-00139-SLP |
| VALENA ACOSTA GWYNN, et al | § § § | |
| Defendants | § § | |

### DEFENDANT VALENA ACOSTA GWYNN'S MOTION FOR COTINUANCE OF JURY TRIAL

Comes now, Defendant, VALENA ACOSTA GWYNN, by and through her attorney of record, John A. Jensen, and moves the Court to continue the jury trial currently set for October 12, 2021 trial docket to the November 2021 trial docket. Pursuant to Local Court Rule 12.1(f), Defendant states the following:

1. The Grand Jury returned an indictment on June 1, 2021, charging Defendant in a multi-count indictment alleging drug conspiracy and possession of methamphetamine with intent to distribute. (Doc.1)

2. Defendant was released on bond pending trial. (Doc 15)

3. Jury Trial is currently set October 12, 2021. (Doc. 28)

Gwynn's Motion for Continuance of Jury Trial
USA v. Gwynn, et al.
Page 1 of 4

4. The Defendant is seeking a limited delay to the November 2021 trial docket to allow for further negotiations with the government and to allow her to get her personal affairs in order.

5. The Defendant is currently in productive negotiations with the government and a continuance of the current trial date will allow sufficient time for finalization of plea agreements.

6. Defendant requests a continuance to allow her to get her personal affairs in order in anticipation of a plea agreement.

7. The Defendant does not anticipate any further motions to continue the trial date.

8. A trial court may exclude any period resulting from a continuance beyond the limits of the Speedy Trial Act on a finding that the "…ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

9. The Defendant respectfully offers that a continuance of the trial date outweighs the best interests of the public and the defendants in a speedy trial. 18 U.S.C. §3161(h)(7). Further, the delay requested would be excludable under the Speedy Trial Act. Although the Speedy Trial Act requires that a defendant be tried within seventy (70) days from his first appearance before a judicial officer, 18 U.S.C. §3161(c)(1), delay resulting

from a Court's continuance may be excludable in particular situations, 18 U.S.C. §3161(h).

10. In *Barker v. Wingo, 407 U.S. 514 (1972)*, the Supreme Court set out a four-factor test for determining whether delay between initiation of criminal proceedings and the beginning of a trial violates a defendant's Sixth Amendment right to a speedy trial. The test requires the court to consider the length of the delay, the cause of the delay, the defendant's assertion of his right to a speedy trial, and the presence or absence of prejudice resulting from the delay. *Barker, 407 U.S. at 530-533*. See also *United States v. Marion, 404 U.S. 307, 320 (1971)*.

11. The Government is opposed to this motion to continue jury trial.

12. Defendant has executed a Waiver of Speedy Trial if the Court so orders such a waiver in this matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant, VALENA ACOSTA GWYNN, prays the Court grant her request for a continuance of the jury trial set for October 12, 2021.

Respectfully submitted this 30th day of September, 2021.

        **/s/ John A. Jensen**
John A. Jensen
Jensen Law Firm
OBN: 19134
2207 North Broadway
Oklahoma City, OK 73103
(405) 474-5245
Attorney for Defendant
VALENA ACOSTA GWYNN

## CERTIFICATE OF SERVICE

I certify that on the 30th day of September, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

        **/s/ John A. Jensen**
John A. Jensen
Attorney for Defendant
VALENA ACOSTA GWYNN