## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. CR-21-139-SLP |
| VALENA ALICIA ACOSTA-GWYNN, | ) ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant Valena Acosta Gwynn's Motion for Continuance of Jury Trial [Doc. No. 30]. Defendant was arraigned on July 13, 2021 and is set for trial on the October 12, 2021 trial docket. Defendant requests the Court continue her case to the November 2021 trial docket "to allow for further negotiations with the government and to allow her to get her personal affairs in order." Mot. 2. Defendant states that she "is currently in productive negotiations with the government and a continuance of the current trial date will allow sufficient time for finalization of plea agreements" and a continuance will "allow her to get her personal affairs in order in anticipation of a plea agreement." *Id*. Defendant represents that the government opposes the Motion. *Id*. at 3.

The Motion fails to establish that a continuance is warranted in this case. The Court looks to the following factors in evaluating whether to grant a continuance: "(1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm

resulting from its denial." *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018). "The final factor is the most important." *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012). Defendant does not address any of these factors. The Court already continued the trial from the September trial docket to the October docket to accommodate Defendant's request for more time to negotiate with the government and finalize a plea agreement. *See* Order [Doc. No. 27]. In Defendant's previous motion underlying that Order, Defendant also represented (as she does now) that continuing the trial from September to October would "allow sufficient time for finalization of plea agreements" and that she did not "anticipate any further motions to continue the trial date." Def.'s Unopposed Mot. Continuance Jury Trial [Doc. No. 25], at 2. In her current Motion, Defendant does not offer a specific reason showing why a continuance to November is now necessary to finalize plea negotiations. The only additional reason offered now is that Defendant needs time to arrange her personal affairs. Accordingly, the Court is not convinced that Defendant has been diligent and that it is likely that Defendant's purpose in seeking a continuance would be accomplished. Further, Defendant has not adequately addressed harm.

The Motion also does not comply with LCrR 12.1(f), which requires a motion for continuance to include "the event and date that activated the time limits of the Speedy Trial Act" and "whether previous motions for extensions or continuances have been made[,] the disposition of the motions, and, for any motion that was granted, whether the court found the period of delay resulting from that extension or continuance to be excludable under the Speedy Trial Act[.]" Further, LCrR 12.1(f)(5)(C) provides that "[i]f the motion is sought

due to some type of personal hardship that counsel or the client will suffer if an extension is not granted, the motion must state the specific nature of that hardship and when the hardship might be resolved."

IT IS THEREFORE ORDERED that Defendant Valena Acosta Gwynn's Motion for Continuance of Jury Trial [Doc. No. 30] is DENIED.

IT IS SO ORDERED this 4th day of October, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE